IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KAYLA WATSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-880-WHA |
| ) | |
| CENTURION-EAGLE AUTO TRANSPORT,) | (WO) |
| INC., RUSSELL MICHAEL BAILEY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.        FACTS AND PROCEDURAL HISTORY**

This case is before the court on a Motion to Quash Return of Service and to Dismiss (Doc. # 14), filed by the Defendant, Russell Michael Bailey, and a Motion to Lift Seal and Motion to Extend Time for Service (Doc. #18), filed by the Plaintiffs.

The Plaintiff filed a Complaint in this case on October 30, 2015. The case was removed to this court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §1441, 1446, and 1332(a). Defendant Centurion-Eagle Auto Transport, Inc. filed an Answer to the Complaint. A summons was issued to Defendant Russell Michael Bailey at a Saint Johns, Florida address on March 24, 2016. A return receipt card was signed, and the box on the receipt for "Agent" was checked. (Doc. #11). No responsive pleading was filed by Russell Michael Bailey.

In the Plaintiffs' January 29, 2016 Rule 26(a) Initial Disclosures, they listed the correct West Palm Beach, Florida mailing address for Russell Bailey.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED and the Motion to Lift Seal and Motion to Extend Time for Service is due to be DENIED.

## II. DISCUSSION

If a defendant is not served within 120 days after the filing of the complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4.[1] Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted). "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Id.*

According to the Advisory Note to Rule 4(m), factors which may justify the grant of an extension of time absent a showing of good cause are if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments. "[T]he running of the statute of limitations does not require that a district court extend the time for service of process" under Rule 4(m). *In re Trasylol Products Liab. Litig.--MDL--1928*, 503 F. App'x 850, 857 (11th Cir. 2013).

Bailey argues that he was not properly served. He argues that because the Plaintiffs were making use of the certified mail rules under Alabama law,[2] but failed to properly serve him because the certified mail receipt was signed by an agent, and Bailey does not have an agent. Bailey argues that the Plaintiffs cannot rely on the return receipt to prove proper service, citing

---

[1] Rule 4(m) was amended, effective December 1, 2015, to reduce the time to serve a defendant from 120 days to 90 days.
[2] An individual may be served in a judicial district of the United States by following state law for serving summons in the state where the district court is located. Fed. R. Civ. Proc. 4(e).

2

*McDermott v. Tabb*, 32 So. 3d 1, 4 (Ala. 2009) (stating that the certified-mail receipt does not establish that the defendant was properly served; rather, it merely establishes that the summons and the complaint were mailed to the address and signed for and because the defendant alleged that he was not properly served, it was the plaintiff's burden to show that the service of process was performed correctly and legally).

The Plaintiffs state that they understand the Defendants' argument as to improper service (Doc. #18 at p.3) and do not dispute that they bear the burden of proving the validity of service or proving good cause for failure to effect service. The Plaintiffs argue that good cause exists as to why they were not able to properly serve Bailey because the Plaintiffs requested Russell Bailey's last known address from opposing counsel, but were not provided it. Plaintiffs state that they issued service to an address in Saint Johns, Florida and were under the impression that Bailey had been served, based on the court's docket annotation, and were unaware that there was a service issue until the Motion to Quash was filed.

Bailey contends that his correct address was given on the Alabama Uniform Traffic Crash Report in this case, and was known to the Plaintiffs at the time of their Initial Disclosures, which were provided on January 29, 2016. (Doc. #19-2).

The court cannot conclude, based on the availability of Russell Bailey's correct address to the Plaintiffs, that good cause has been shown. Although the court may exercise discretion to extend the time for service based on factors including whether the statute of limitations has expired, the court is not required to extend the time for service under Rule 4(m) merely because the statute of limitations has expired. *Lepone-Dempsey,* 476 F.3d at 1282. The Plaintiffs had access to the correct address for Bailey at least as of January 29, 2016. Accordingly, the court declines to exercise its discretion to extend the time for service.

## III.    CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Quash Service and to Dismiss is GRANTED and Russell Michael Bailey is dismissed as a defendant without prejudice.

2. The Motion to Lift Seal and to Extend Time for Service is DENIED.

Done this 17th day of June, 2016.

                                        /s/ W. Harold Albritton
                                        W. HAROLD ALBRITTON
                                        SENIOR UNITED STATES DISTRICT JUDGE